## HENRY REED *vs.* JOHN S. PARSONS.

A , residing in this commonwealth, gave his promissory notes payable to B., or bearer, which were transferred to C. A. then went into Vermont for the purpose of being there sued as trustee of B., by a creditor of his. C. appeared in the trustee suit and claimed the funds in A.'s hands; but on trial, the transfer to C. was adjudged fraudulent and void, and A. was held as trustee of B., although by the statute of Vermont he might have objected to the jurisdiction. *Held*, that payment of the amount of the notes, as such trustee, was a discharge thereof as against C., and that the latter could not recover upon them.

THIS was an action upon two promissory notes, signed by the defendant, of Cummington, in the county of Hampshire, payable to S. D. Reed, or bearer, and held by the plaintiff. At the trial, in the court of common pleas, before *Merrick*, J. it appeared that after the defendant received notice that said notes had been transferred to the plaintiff, he went into Vermont, where the plaintiff and said S. D. Reed resided, for the purpose and with the intention of being there sued as trustee of said S. D. Reed in an action brought by Willard Conkey. After said action was entered in court in Vermont, the present defendant appeared and answered that the notes were due from him, and made no objection to the jurisdiction of the court, although by the Rev. Sts. of Vermont, *c.* 29, § 46, no person could be summoned as a trustee, unless at the time of the service of the writ, he resided in the state. The present plaintiff also appeared in the action of *Conkey* v. *S. D. Reed and Trustee*, and claimed the funds in the hands of said trustee (the present defendant) as belonging to him, but after a full hearing in that court, the transfer of said notes to the present plaintiff was adjudged fraudulent and void, and the present defendant was adjudged a trustee for the full amount of said notes, and afterwards paid the same to the plaintiff in that action, on execution. This payment was relied upon as a defence to this action, and the presiding judge so ruled. The verdict being for the defendant, the plaintiff excepted to the ruling.

The arguments were at Boston, in January, 1854.

*C. Allen & G. T. Davis*, for the plaintiff.

*C. P. Huntington*, for the defendant.

Reed *v.* Parsons.

DEWEY, J.   It would seem from the statutes of Vermont, that no person other than a resident of that state, can properly be summoned as a trustee.   It would have been competent for the trustee, therefore, to have procured the discontinuance of the suit, as respects himself, if he were not such resident. Whether he could, by omitting to take exception to the jurisdiction, have waived this objection so as to affect the rights of an assignee of the debt he owed the principal defendant, it is not necessary in the present case to decide.  The facts proved in the case show that the plaintiff, who was such alleged assignee, appeared as a party in the court of Vermont, and claimed those notes as his property, denying any interest therein in Samuel D. Reed, and that an issue was joined on this matter, and upon a full hearing on the merits, the transfer of the notes to the present plaintiff was adjudged to have been fraudulent, and upon exceptions taken, the same were overruled by the higher court, and judgment entered against the plaintiff as claimant of these notes.   The plaintiff, a citizen of Vermont, having thus voluntarily submitted his claim to the decision of the courts of the state of Vermont, is now estopped from denying the validity of the judgment against him.   If he intended not to submit his claim to the jurisdiction of that court, under a process served upon a trustee, not a citizen of Vermont, he should not have filed his application to be admitted as a claimant of the funds, and to proceed to the trial upon the question of fraud.   But, after contesting the title as to these notes, with the party plaintiff in that suit, he comes too late to insist that the judgment of the court of Vermont has no validity and effect here.

If he had withheld all participation in those proceedings. and judgment had been rendered solely upon a suit where a citizen of Massachusetts had gone into the state of Vermont for the purpose of having processes served upon him, and had in pursuance of the same object suffered judgment against him, without interposing any question of jurisdiction, it might be that the present plaintiff would not be affected thereby, and that the party thus conniving to defeat one party, at the expense of the other, might have made himself chargeable to both.

But that is not the present case, and upon the ground already stated, judgment must be entered in favor of the defendant.

*Exceptions overruled.*